UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| T. RAY ZINN, Individually and For Others Similarly Situated,<br><br>v.<br><br>THE BERGAILA COMPANY d/b/a BES ENGINEERING | Case No. 4:20-cv-3875<br><br>Jury Trial Demanded<br><br>FLSA Collective Action |

# COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. T. Ray Zinn brings this lawsuit to recover unpaid overtime owed by The Bergaila Company d/b/a BES Engineering (Bergaila) under the Fair Labor Standards Act (FLSA).

2. Bergaila paid Zinn and the other workers covered by this collective action (the "Shift Rate Workers") on a shift rate basis.

3. This shift rate covers the first 10 hours worked in a day.

4. After 10 hours of work, Bergaila pays the Shift Rate Workers an amount equal to their shift rate divided by 10 hours.

5. But neither the shift rate, nor the hourly pay received after 10 hours, ever increases when these workers worked more than 40 hours in a week.

6. Instead of receiving "time and a half" as required by the FLSA, these workers always received "straight time" for overtime.

7. While Bergaila began paying time and a half for overtime earlier this year, it did not reimburse its workers for overtime they had worked in the past.

8. This suit seeks to recover the unpaid overtime owed to the Shift Rate Workers.

## JURISDICTION & VENUE

9. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

10. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to this action occurred in this District and Division.

11. Bergaila is headquarter in Houston, Texas.

## PARTIES

12. From approximately March 2019 until October 2020, Zinn worked for Bergaila as Assistant Commissioning Chief.

13. Zinn worked in Texas.

14. Throughout his employment, Bergaila classified Zinn as an employee.

15. Bergaila did not pay Zinn "time and a half" for working more than 40 hours in a week.

16. Instead, Bergaila paid Zinn a shift rate for the first 10 hours worked in a day and straight time for hours worked after 10 in a day (the "shift rate pay plan").

17. Zinn's consent to be a party plaintiff is attached.

18. Zinn brings a FLSA collective action on behalf of himself and all other Bergaila employees paid according to Bergaila's shift rate pay plan.

19. Thus, Zinn seeks to represent:

**All Shift Rate Workers employed by Bergaila in the last 3 years.**

20. The Shift Rate Workers can be readily ascertained from Bergaila's records.

21. Bergaila may be served with process by serving its registered agent.

## FLSA COVERAGE

22. At all relevant times, Bergaila has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

23. At all relevant times, Bergaila has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

24. At all relevant times, Bergaila has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

25. At all relevant times, Bergaila has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

26. In each of the past 3 years, Bergaila's annual gross volume of sales exceeded $1,000,000.

27. At all relevant times, Zinn and the Shift Rate Workers were engaged in commerce or in the production of goods for commerce.

28. Bergaila uniformly applied its policy its shift rate pay plan to the Shift Rate Workers.

29. Bergaila applied this policy regardless of any alleged individualized factors such as geographic location.

30. By paying the Shift Rate Workers at straight time rates for all hours worked, including those over 40 in a workweek, Bergaila violated the FLSA's requirement that it pay "time and a half" for hours worked in excess of 40 in a workweek.

31. Bergaila's shift rate pay plan denies Zinn and the Shift Rate Workers the overtime pay required by the FLSA.

32. Bergaila's shift rate pay plan is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a).

## FACTS

33. "Bergaila connects world-renown oil and gas, engineering and construction, and oil field service companies nationwide with talented professionals."[1]

34. To complete its business objectives, Bergaila hires personnel, such as Zinn, to perform inspection services for "oil and gas, engineering and construction, and oil field service companies."

35. Bergaila pays these workers as w-2 employees.

36. Without the job performed by Zinn and the Shift Rate Workers, Bergaila could not complete its business objectives.

37. While exact job titles and job duties may differ, these employees are subjected to the same illegal pay practice.

38. Zinn worked for Bergaila from approximately March 2019 until October 2020.

39. Zinn worked in Texas.

40. For most of Zinn's employment. Bergaila paid him a shift rate with additional straight time pay after working 10 hours in a day.

41. Bergaila typically scheduled Zinn for 10 hours a day, for as many as 7 days a week.

42. In addition, Zinn regularly worked more than 10 hours in a day.

43. For example, Zinn's November 22, 2019 paycheck (which covers 1 workweek) shows Zinn worked all 7 days (70 hours) plus 9 additional hours.

44. Bergaila paid Zinn 7 shift rates plus 9 additional hours of straight time pay.

45. Thus, despite working 39 hours of overtime (79 total hours – 40 non-overtime hours), Zinn did not receive any overtime pay at all.

46. Instead, Bergaila paid Zinn according to its shift rate pay plan.

47. Bergaila did not guarantee, or pay, Zinn a salary as required to be exempt under the FLSA.

---

[1] https://bergaila.com/ (last visited November 13, 2020).

48. Under Bergaila's shift rate pay plan, Zinn did not get paid if he did not work.

49. Zinn did not receive overtime pay.

50. Nor do the other Shift Rate Workers paid under Bergaila's shift rate pay plan.

51. This is despite the fact the Shift Rate Workers often work for 10+ hours a day, for up to 7 days a week, for weeks at a time.

52. Bergaila does not pay the Shift Rate Workers any overtime premium when they worked more than 40 hours in a week.

53. Zinn's work schedule is typical of the Shift Rate Workers.

54. Bergaila knows the Shift Rate Workers work for 10+ hours a day, for up to 7 days a week.

55. Bergaila controls the schedules worked by its Shift Rate Workers.

56. Bergaila's records show the Shift Rate Workers work more than 40 hours in certain weeks.

57. The Shift Rate Workers are not employed on a salary basis.

58. Bergaila's policy of paying Zinn and the Shift Rate Workers a shift rate basis with no overtime violates the FLSA.

59. The Shift Rate Workers were entitled to overtime for the hours they worked in excess of 40 in a workweek.

60. Bergaila knowingly, willfully, or in reckless disregard carried out this illegal shift rate pay plan that deprived the Shift Rate Workers of overtime compensation in violation of the FLSA.

61. Bergaila's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

62. Bergaila willfully violated the FLSA.

### CAUSE OF ACTION
### FLSA VIOLATION

63. Bergaila's shift rate pay plan violates the FLSA because Zinn and the other Shift Rate Workers did not receive overtime pay for hours they worked in excess of 40 in a week.

64. Bergaila knew, or showed reckless disregard for whether, its shift rate pay plan violated the FLSA.

65. Bergaila's failure to pay overtime compensation to the Shift Rate Workers was not based on any reasonable interpretation of the law.

66. Nor was Bergaila's decision not to pay its Shift Rate Workers overtime made in good faith.

67. Accordingly, Zinn and the Shift Rate Workers are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

## COLLECTIVE ACTION ALLEGATIONS

68. The Shift Rate Workers were victimized by Bergaila's shift rate pay plan which is in willful violation of the FLSA.

69. Bergaila's own objective records establish that it paid other Shift Rate Workers according to the same express, shift rate pay plan that Bergaila applied to Zinn.

70. Based on his experiences with Bergaila, Zinn is aware Bergaila's illegal pay plan was applied to other Shift Rate Workers.

71. The Shift Rate Workers are similarly situated in all relevant respects.

72. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

73. The illegal shift rate pay plan Bergaila imposed on Zinn was imposed on all Shift Rate Workers.

74. Like Zinn, the other Shift Rate Workers are denied overtime when they worked more than 40 hours per week.

75. The overtime owed to Zinn and the Shift Rate Workers will be calculated using the same records and the same formula.

76. Zinn's experiences are therefore typical of the experiences of the Shift Rate Workers.

77. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Shift Rate Workers, as well as provide judicial consistency.

78. Zinn and the Shift Rate Workers sustained damages arising out of Bergaila's illegal and uniform employment policy.

79. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Bergaila's records, and there is no detraction from the common nucleus of liability facts.

80. Therefore, this issue does not preclude class or collective treatment.

81. There are many similarly situated Shift Rate Workers who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

## JURY DEMAND

Zinn demands a trial by jury.

## RELIEF SOUGHT

Wherefore, Zinn prays for:

(a) Certifying a collective action and notifying the Shift Rate Workers of their opportunity to join the collective action;

(b) All unpaid overtime and liquidated damages due to Zinn and the Shift Rate Workers under the FLSA;

(c) All attorney's fees, expenses, and costs of this action;

(d) Pre- and post-judgment interest at the highest rates allowed by law; and

(e) All other and further relief as may be necessary and appropriate.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
 _____
    Richard J. (Rex) Burch
    State Bar No. 24001807
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Andrew W. Dunlap
Michael A. Josephson
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**ATTORNEYS FOR PLAINTIFFS**

DocuSign Envelope ID: 1740DF63-E268-43D8-AEC2-B9ABA9239129

## CONSENT TO JOIN WAGE CLAIM

Print Name: Tyson Zinn

1. I hereby consent to participate in a collective action lawsuit against **The Bergaila Companies & BES Engineering** (and its related entities) to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at BRUCKNER BURCH PLLC as my attorneys to prosecute my wage claims.

4. I authorize the law firm and attorneys at BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: Tyson Zinn (DocuSigned by, 8D953DF73FCC4BC)

Date Signed: 10/14/2020